*E-FILED - 10/15/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHEDRICK HENRY, | ) | No. C 98-21093-RMW (PR) |
| Petitioner, | )<br>) | ORDER DENYING<br>PETITIONER'S MOTION FOR |
| vs. | )<br>) | RECONSIDERATION |
| GARY LINDSEY, Warden, | )<br>) | (Docket No. 10) |
| Respondent. | )<br>) | |

Petitioner, a California prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 2, 1998, the court sua sponte dismissed the case without prejudice for failure to exhaust and instructed petitioner that he could resubmit his petition after exhausting state remedies (docket no. 4).  Subsequently, petitioner began exhausting his state remedies eight months later and filed a state habeas petition in California Superior Court on August 31, 1999.  Mot. at 2.  He continued exhausting his state remedies through the California courts until ultimately, California Supreme Court denied his petition on April 25, 2001.  Mot. at 3.  Thereafter, he filed another section 2254 petition in district court on December 5, 2001, which was subsequently dismissed as untimely on March 31, 2004.  Mot. at 3.  The Ninth Circuit affirmed the dismissal on August 4, 2005.  See Henry v. Lamarque, No. 04-16028 (9th Cir. Aug. 1, 2005) (unpublished disposition).

On April 14, 2008, petitioner filed this motion for reconsideration asking the court for relief from its 1998 judgment because the court failed to advise him that he had the option of striking his unexhausted claims and proceeding on his petition before dismissal. Petitioner also claims that for that reason, he is entitled to equitable tolling and the court should allow him to file a new petition that relates back to his original petition. For the reasons set forth below, the court denies petitioner's motion for reconsideration.

## DISCUSSION

Where the court's ruling has resulted in a final judgment or order, Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Here, petitioner files his motion based on Rule 60(b)(6), the catch-all provision.

A party is entitled to relief under Rule 60(b)(6) where "extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment." Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997) (citations and quotation marks omitted). Rule 60(b)(6) is to be used "sparingly [and] as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Further, Rule 60(b) expressly limits the time within which a motion for relief from judgment may be made. Motions based on "any other reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6), must be made "within a reasonable time." Fed. R. Civ. P. 60(b). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).

Here, petitioner's petition was filed on October 30, 1998. The order dismissing the petition was entered on December 2, 1998. Petitioner elected not to file a notice of appeal.

After exhausting his state remedies, he waited over seven months to re-file his habeas petition in 2001. On appeal from the 2004 dismissal of petitioner's section 2254 petition as untimely, the Ninth Circuit considered and rejected the same issue petitioner raises in the instant motion, but in the context of an equitable tolling argument. After the Ninth Circuit's affirmance, petitioner waited an additional two and half years before filing the instant reconsideration motion. Petitioner gives no reason for the significant delays, and it is clear that he had learned of the claim raised in this motion as early as 2001. Id. Accordingly, the court denies petitioner's motion as untimely because petitioner failed to move for reconsideration within a reasonable time.

Further, a movant seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying the reopening of a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 2649 (2005). "Such [extraordinary] circumstances will rarely occur in the habeas context." Id. Petitioner has not demonstrated that "extraordinary circumstances prevented [him] from taking timely action to prevent or correct" the judgment. Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004) (quoting Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997)). Petitioner alleges no "change of circumstances between the time when [he] filed his habeas petition and the time when he filed his 60(b) motion" that justifies relief. Id. His delay in raising his current motion "may be attributable to inattention or inexperience but neither deficiency constitutes an 'extraordinary circumstance' that justifies Rule 60(b) relief." Greenawalt, 105 F.3d at 1273. Circumstances have not changed apart from petitioner's belated attempt to argue a legal theory he raised or should have raised earlier. Accordingly, the court concludes that petitioner cannot demonstrate extraordinary circumstances sufficient to grant reconsideration.

## CONCLUSION

The motion for reconsideration is DENIED. This order terminates docket no. 10.

IT IS SO ORDERED.

DATED: __10/10/08__

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion for Reconsideration
P:\PRO-SE\SJ.Rmw\HC.98\Henry093denrecon.wpd     3